

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 99-0066-CIV-MORENO

PETROJAM, LTD.,

    Plaintiff,

vs.

GRIFFIN INDUSTRIES, INC. and OCEAN
LOGISTICS CORP.,

    Defendants.
_____/



## ORDER GRANTING MOTION TO STAY AND CLOSING CASE FOR STATISTICAL PURPOSES

THIS CAUSE came before the Court upon Respondents' Motion to Stay, filed on **April 26, 1999**. Since the Court finds that pending motions in a parallel proceeding in the Southern District of New York counsel against action here, the motion to stay is GRANTED.

### BACKGROUND

The Petitioner, PETRO JAMAICA, brought this suit on January 12, 1999 to confirm arbitration awards granted in December 1998 by an arbitration panel in the Southern District of New York against the Respondents GRIFFIN INDUSTRIES, INC. and OCEAN LOGISTICS CORP. There are two pending motions. First, PETRO JAMAICA's Motion for Final Judgment, filed April 13, 1999, essentially a plaintiff's motion for summary judgment seeking confirmation of the awards.

The second pending motion is the Respondents' Motion to Stay, filed April 26, 1999. The Respondents argue that the case here

should be stayed because they filed a motion to vacate or modify the awards in the Southern District of New York. The Respondents filed the New York action on March 11, 1999, two months after Petitioner filed this one. PETRO JAMAICA, the Petitioner here, appeared in the New York litigation, filing an Answer, Counter-Petition for Confirmation of the Awards and a Motion to Transfer to the Southern District of Florida. District Judge Robert W. Sweet held a hearing on the motions to vacate and transfer on April 21, 1999, but to date the motions have not been decided.

## **LEGAL ANALYSIS**

Section 10(a) of the Federal Arbitration Act states: "the United States court in and for the district wherein the award was made <u>may</u> make an order vacating the award upon the application of any party to the arbitration. . . ." 9 U.S.C. § 10(a) (emphasis added). The Eleventh Circuit has not taken a position on whether § 10(a) confers exclusive or merely permissive jurisdiction to vacate awards on the district court where the award was arbitrated. <u>Baltin v. Alaron Trading Corp.</u>, 128 F.3d 1466, 1468 n.4 (11th Cir. 1997) (noting that the Circuits are split over whether the district court for the district where the award was arbitrated has exclusive or permissive jurisdiction to vacate the award and, moreover, that the Eleventh Circuit does not have a clear position). That is, it

is not clear in the Eleventh Circuit whether an arbitral award can only be challenged in the district where it was made.

In view of this uncertainty, it was not unreasonable for the Respondents here to file their motion to vacate in the Southern District of New York -- the district where the awards were made -- after the Petitioner filed its suit to confirm the awards in this Court. Moreover, even though the action here was filed first, comity and avoidance of inconsistent rulings counsel against any action until Judge Sweet rules on the motions pending in the New York action. Accordingly, it is

ADJUDGED that the motion to STAY IS GRANTED and the case is CLOSED IN CIVIL SUSPENSE. The parties shall file a joint notice of any action taken by Judge Sweet.

DONE AND ORDERED in Chambers at Miami, Florida, this 30th day of June, 1999.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

copies provided:
Honorable Robert W. Sweet
 United States District Court
 Southern District of New York
Richard J. McAlpin, Esq.
 80 S.W. 8th Street, #2805
 Miami, Florida 33130
William A. Ransom, Esq.
 1429 Eighth Street
 New Orleans, Louisianna 70115